**UNITED STATES of America**

v.

**Edward N. MEYERS.**

**Crim. No. 1424-69.**

United States District Court

District of Columbia.

Sept. 22, 1969.

Allen Palmer, Washington, D. C., for defendant Meyers.

Thomas A. Flannery, U. S. Atty., Theodore Wieseman, Asst. U. S. Atty., for the government.

## MEMORANDUM & ORDER

CURRAN, Chief Judge.

There comes before the Court at this time a motion of the Government to reconsider the Court's granting of the defendant's motion to compel a preliminary hearing.

Based upon a complaint dated August 17, 1969, a John Doe (also known as "Chick") warrant was issued by United States Magistrate, Arthur L. Burnett. The warrant was executed upon the defendant August 18, 1969. Pursuant to Rule 5, Federal Rules of Criminal Procedure, the defendant was brought before Magistrate Burnett on August 19, 1969, advised of his rights, and released on personal bond to return for a preliminary hearing which had been scheduled for September 2, 1969. On September 2, 1969, the defendant appeared before Magistrate Burnett and announced "ready" for the preliminary hearing. The Government responded with a motion to dismiss the hearing because of the intervening indictment which had been returned against the defendant in

open court on August 27, 1969. The Government's motion was granted.

On September 15, 1969, the defendant moved this Court to compel a preliminary hearing, alleging that denial of same would be a deprivation of due process concepts, relying on Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965), and Ross v. Sirica, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967). This Court entered a ruling granting defendant's motion requiring that the preliminary hearing be held. In response thereto, on September 18, 1969, the Government submitted a motion requesting this Court to reconsider the ruling in the light of pertinent material then brought to the attention of this Court which was deemed necessary for a proper disposition of the defendant's motion.

The issue before this Court arises from the Federal Magistrate's Act of 1968. Specifically, the question is whether the timely return of an indictment, as provided in the Act, abrogates the need for a preliminary hearing. The provision in question appears in Section 303(a) of the Federal Magistrate's Act as an amendment to 18 U.S.C. § 3060. Section 3060 provides in pertinent part that unless a preliminary examination is waived by the defendant or postponed with his consent, it "shall be held within a reasonable time following initial appearance", but in any event no later than the tenth day after the initial appearance if the defendant is in custody, or the twentieth day if the defendant has been released. It is further provided in Subsection (e) of Section 3060, however, that, "No preliminary examination * * * shall be required to be accorded an arrested person, * * * if at any time subsequent to the initial appearance of such person * * * and prior to the date fixed for the preliminary examination * * * an indictment is returned * * *."

Senator Tydings, the sponsor of the Act, while commenting on the Act predicted that, "the ultimate result in our busy urban districts may be the virtual elimination of preliminary hearings, but only if the present grand jury delays are eliminated first". (Hearings on S. 3475 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on Judiciary. Eighty-ninth Congress, 2d Session (1966). Ninetieth Congress, 1st Session (1967) at 2:41.

The legislative intent appears unambiguously to be aimed at expediting the judicial process by doing away with the need for a preliminary hearing, where an indictment is timely returned, under the Federal Magistrate's Act. Surely, a post-indictment preliminary examination would have to be considered an empty ritual, as the Government's burden of showing probable cause would be met by offering the indictment. See Sciortino v. Zampano, 385 F.2d 132 (2d Cir. 1967).

Moreover, the United States Court of Appeals for the District of Columbia Circuit in Walker v. Rodgers, 128 U.S.App. D.C. 420, 389 F.2d 961 (1968), had occasion to clarify the application of the *Blue* and *Ross* decisions. As stated by the Court,

"In both Blue and Ross this court was addressing itself to a claim that there had been a failure to observe the statutory and Federal Criminal Rule requirements in proceedings before a magistrate following an arrest *prior* to indictment."

In the instant case, the indictment against the defendant was returned prior to the beginning of any preliminary hearing proceedings before the Magistrate. Furthermore, the preliminary hearing had been properly scheduled and the indictment timely returned within the provisions of Section 3060. In view of the Government's compliance with the procedure prescribed in Section 3060, this Court is of the opinion that the only meaningful interpretation to be given Section 3060 is that when, as in this case, an indictment is returned subsequent to the initial appearance of such person and prior to the date fixed for preliminary examination, no preliminary

examination need be accorded the person arrested. This interpretation is not inconsistent with *Blue* and *Ross*, for those cases in which an indictment is not returned prior to the date set for the preliminary hearing, the requirements of *Blue* and *Ross* would find full application. On the other hand, in cases such as the one before this Court, *Blue* and *Ross* would not be applicable and Section 3060 would be controlling.

Therefore, upon consideration of the Government's motion to reconsider the ruling of September 15, 1969, requiring that the defendant be accorded a preliminary hearing, it is this 22nd day of September, 1969,

Ordered that the Government's motion for reconsideration is granted; and it is further

Ordered that the ruling granting defendant's motion for a preliminary hearing is hereby vacated and rescinded.