**UNITED STATES of America, Plaintiff,**

v.

**Del Lavon THOMAS, Defendant.**

**Misc. No. 95.**

United States District Court, D. Alaska.

Nov. 10, 1971.

---

U. S. Atty. G. Kent Edwards, Anchorage, Alaska, for plaintiff.

Robert B. Perry, Wanamaker, Dickson, Perry, Anchorage, Alaska, for defendant.

VON DER HEYDT, District Judge.

## MEMORANDUM

The defendant, through counsel, has petitioned this Court to review an interlocutory order of the United States Magistrate, issued during a preliminary hearing in progress. The hearing has been continued in mid-proceeding pending certification to the District Court.

The question as certified to the District Court by the Magistrate is as follows:

"At the time originally set for a preliminary hearing in the above entitled action, defense counsel made an oral motion to exclude the public from the hearing. The motion was denied.

"The defendant is charged with committing air piracy. The United States intends to call as its witness at the preliminary hearing the pilot of the aircraft involved in the alleged offense. The defendant has subpoenaed a stewardess of the aircraft. Thus, the question presented is whether the public should be excluded from a preliminary hearing involving a charge of air piracy at which two persons alleged to be eyewitnesses are scheduled to testify.

"As there appear to be no statutes or rules governing the review of a ruling made by a United States Magistrate at a preliminary hearing, the question may also be presented as to whether it is within the inherent power of a District Court Judge to review a ruling made by a United States Magistrate at a preliminary hearing."

The defendant, in his memorandum in support of petition, cites no statute or rule whereby this Court is authorized or empowered to review, in the nature of appeal, an interlocutory order of a United States Magistrate, nor is this Court aware of specific statutory authority whereby the petition may be considered upon review as urged by the defendant. Thus, the Court, if it is to rule upon the issue presented, must do so within the structure of its "inherent power".

The Court finds the precedent established by acceptance of the petition to be cause for serious concern. Nowhere is it indicated in the statute enacted by the Congress which created the United States Magistrate Court that the district courts are to assume appellate functions in review of interlocutory rulings of the Magistrate. Every proceeding before the Magistrate could be subject to continuance in mid-hearing, as was done here, pending ruling of the district court upon a petition for review. This is not found to be the manner in which the two judicial entities are intended to function.

Therefore, in the absence of any showing of authority, the Court declines to rule upon the question certified to it by the Magistrate, nor does the Court here express any conclusion concerning the existence or lack thereof of the district court's "inherent power" to review interlocutory orders or rulings of a United States Magistrate.