**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Lavell W. TAYLOR, Defendant-Appellee.**

**No. 72–1039.**

United States Court of Appeals,
Tenth Circuit.

Aug. 28, 1972.

James F. Housley, Asst. U. S. Atty. (C. Nelson Day, U. S. Atty., on the brief), for plaintiff-appellant.

Sumner J. Hatch, Salt Lake City, Utah (Hatch, McRae & Richardson, Salt Lake City, Utah, on the brief), for defendant-appellee.

Before BREITENSTEIN, SETH and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

On September 22, 1970, a complaint was filed with the United States Commissioner for the Central Division of the District of Utah charging Lavell W. Taylor in five counts of engaging in the business of a firearms dealer without a license. Specifically, in Count 1, Taylor was charged with engaging in the busi-

ness of selling ammunition and firearms at wholesale and retail from January 18, 1970, to September 22, 1970, without having filed an application with and received a license to do so from the Secretary of the Treasury or his delegate, in violation of 18 U.S.C. § 923(a), § 922(a)(1) and § 924(a) and (d). Without getting into unnecessary detail, in Count 2 Taylor was charged with the unlawful sale of a firearm occurring on May 15, 1970. In Count 3, the alleged violation occurred on July 2, 1970, with the date of the alleged violation in Count 4 being May 21, 1970, and in Count 5 on July 2, 1970.

On September 23, 1970, Taylor was arrested and brought before the Commissioner. On this occasion, Taylor was represented by retained counsel and, after being advised of the nature of the charge and of his rights, was released on his own recognizance. A preliminary hearing before the Commissioner was not thereafter ever held. Rather, on July 23, 1971, an indictment was returned charging Taylor with the identical charges contained in the complaint previously filed with the Commissioner.

On August 11, 1971, Taylor filed a motion to dismiss the indictment, claiming that he had been prejudiced in his defense "because of the length of time between knowledge [on the part of the Government] of the alleged violations and the arrest therefor, the length of time between the arrest and the indictment and the inability to recall dates in January, May and July, 1970 * * *." In opposition to the motion to dismiss, the Government filed an affidavit of the Special Investigator in charge of the Salt Lake City office of the Alcohol, Tobacco and Firearms Division of the Department of the Treasury wherein he generally outlined the various steps taken in their investigation of Taylor, and included in the affidavit was the statement that from September 23, 1970, until the return of the indictment on July 23, 1971, there had been numerous plea-bargaining requests initiated by Taylor's retained counsel.

At the hearing on the motion to dismiss, no evidence was taken, although from the colloquy of counsel it was established that in the interim between the filing of the complaint before the Commissioner and the return of the indictment by the Grand Jury plea-bargaining of some sorts had in fact been carried on between the Government and defense counsel. At the conclusion of this hearing, the trial court granted the motion to dismiss and dismissed the indictment. In so doing, the trial court made no formal findings as such, be they oral or written. However, again from the courtroom colloquy, it is quite clear that the basis for the trial court's action was a belief that Taylor had been denied his Sixth Amendment right to a speedy trial. The Government now appeals the order of the trial court dismissing the indictment.

■ In the trial court, as here, some emphasis is placed on the fact that a preliminary examination was not held before the Commissioner within the time requirement of 18 U.S.C. § 3060(b) and (c). It is apparently agreed that no preliminary examination was ever held before the Commissioner, though the record of Taylor's appearance before the Commission is not a part of the record now before us. Be that as it may, the failure to hold a preliminary examination before the Commission in compliance with 18 U.S.C. § 3060(b) and (c) is not, in itself, grounds for dismissal of a subsequently returned indictment. Indeed, the penalty for a failure to hold a preliminary examination within the time provided by the statute is spelled out in the statute itself, namely, 18 U.S.C. § 3060(d), which provides that an arrested person who has not been afforded a preliminary examination within the time limits therein specified "shall be discharged from custody or from the requirement of bail or any other condition of release, without prejudice, however, to the institution of further criminal proceedings against him upon the charge upon which he was arrested." It is on this basis that we conclude that the fail-

ure to give Taylor a preliminary examination, regardless of the reason therefor, did not in itself justify the trial court in dismissing the indictment.

In support of the foregoing, *see* United States v. Milano, 443 F.2d 1022 (10th Cir. 1971). In that case, the defendant was not afforded a preliminary examination and was subsequently convicted after indictment. We held that any failure to comply with the provisions of 18 U. S.C. § 3060 did not warrant a reversal of the conviction and in so holding declared as follows:

> "It does not appear in the record before us whether the first continuance, issued over defendant's objection, was an order of a judge of the district court made after the appropriate findings required by 18 U.S.C. § 3060(c). But even if this were not the case, there would be no grounds for reversal. First, a defendant's remedy for an improperly delayed preliminary examination is discharge from custody or the requirement of bond under 18 U.S.C. § 3060(d). This release is without prejudice to the institution of further proceedings upon the same charge. Second, no preliminary examination is required if an indictment is obtained first. 18 U.S.C. § 3060(e). We take these two sections to mean that defendant's remedy, if he was entitled to any, was release when his preliminary hearing was delayed, but that he could still be tried for the same offense if an indictment were subsequently handed down. The statute, as we read it, determines that the sole purpose of the preliminary examination is to test probable cause in order that innocent persons will not continue under arrest. If that determination is made by another means, there is no prejudice to defendant."

All of which brings us around to the reason given by the trial court for its action, namely, that Taylor had been denied his constitutional right to a speedy trial. We hold that under the circumstances disclosed by the record now before us, Taylor's right to a speedy trial has not yet been violated and that the trial court erred in dismissing the indictment.

Two comparatively recent cases, both announced after the ruling of the trial court, shed much light on the present controversy and indeed dictate reversal. We refer to United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), announced June 22, 1972.

In *Marion,* it was held that the Sixth Amendment's guarantee of a speedy trial is applicable only after a person has in some manner been "accused" of a crime, which in that case did not occur until the defendants were indicted. Or as it was otherwise stated, the speedy trial provision of the Sixth Amendment has no application "until the putative defendant in some way becomes an 'accused' * * *."

■ In the instant case, Taylor became an "accused" when the complaint was filed against him with the Commissioner and he was thereafter arrested. So, under *Marion,* Taylor's allegation in his motion to dismiss that he was prejudiced because of the length of time between "knowledge of the alleged violations and the arrest therefor" does not even bring into play the speedy trial provision of the Sixth Amendment. Actually, we perceive very little lapse of time between the dates of the alleged violations and Taylor's arrest. Count 1 alleged a continuing violation from January 18, 1970, to September 22, 1970, and the Counts 2 through 5 alleged offenses occurring on May 15, 1970, July 2, 1970, May 21, 1970, and July 2, 1970, respectively. And Taylor was arrested on September 23, 1970. It is hard to see how under any circumstance this could amount to undue delay.

■ Taylor in his motion to dismiss also complains about the length of time between his arrest and the return of the indictment. As above noted, when Taylor was not afforded a preliminary ex-

amination within the time requirements of 18 U.S.C. § 3060(b) and (c), he could have been, and should have been, discharged from custody, and all conditions of release, though under the statute he would nonetheless still be subject to possible further criminal prosecution for the same acts which formed the basis for the filing of the complaint before the Commissioner. 18 U.S.C. § 3060(d). Be that as it may, assuming that the speedy trial provisions of the Sixth Amendment were brought into play by Taylor's arrest on September 23, 1970, the fact that Taylor was not indicted until some ten months later is not such as to warrant the trial court's dismissal of the indictment on the ground that Taylor had been denied a speedy trial.

Barker v. Wingo, *supra,* although by no means on all fours, is nonetheless quite helpful. In *Barker,* the Supreme Court was concerned with the speedy trial provisions of the Sixth Amendment as applied to the states through the Fourteenth Amendment. In holding that speedy trial cases must be approached on an *ad hoc* basis, the Supreme Court approved the so-called "balancing test," in which the conduct of both the prosecution and the defendant is weighed. The balancing test included at least the following factors: Length of the delay, the reason for the delay, the defendant's assertion of his right and resulting prejudice to the defendant.

In *Barker,* using the aforementioned test, a delay between arrest and trial of some five years, though described as "extraordinary," was nonetheless held not to violate the speedy trial provisions. The special circumstances in *Barker* were that prejudice to the defendant was found to be minimal and that Barker had not objected to numerous continuances of his case and had made no affirmative assertion of his right to a speedy trial.

In the instant case, the lapse of time is not extraordinary; Taylor made no assertion of his right to a speedy trial; and any possible prejudice by the lapse of time subsequent to the arrest is at best speculative. And as concerns the reason for the delay, such as it is, on the record before us we can only conclude that plea-bargaining was in fact being carried on by counsel during the interim. Certainly, under the rationale of *Barker,* the trial court erred in dismissing the indictment on the ground that the lapse of time between the date of his arrest and the return of the indictment deprived Taylor of his right to a speedy trial under the Sixth Amendment.

Judgment reversed and the cause is remanded with direction that the trial court reinstate the indictment and that further proceedings in the matter be consonant with the views herein expressed.