521 P.2d 1168

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Homer Lee WARNER, Defendant-Appellant.**

**No. 1297.**

Court of Appeals of New Mexico.

April 17, 1974.

**220**

Robert H. Strand, Roswell, for defendant-appellant.

David L. Norvell, Atty. Gen., Jay F. Rosenthal, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of an attempt to commit aggravated burglary. Sections 40A–28–1 and 40A–16–4, N.M.S.A.1953 (2d Repl.Vol. 6). The issues concern: (1) written transcript of the preliminary examination and (2) delay in holding the preliminary examination.

*Written transcript of the preliminary examination.*

Testimony at the preliminary examination was recorded on tape. The district attorney tendered this tape to defendant for his use at the trial. Defendant asserts the tape was insufficient. He contends he was entitled to a "written" transcript of the proceedings at the preliminary examination. His request for such a transcript was denied by the trial court. Defendant claims the denial deprived him of his constitutional right to equal protection. This contention is answered adverse to defendant in State ex rel. Moreno v. Floyd, 85 N.M. 699, 516 P.2d 670, decided December 7, 1973.

*Delay in holding the preliminary examination.*

Section 41–23–20(d), N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973) states:

"*Time*: A preliminary hearing shall be held within a reasonable time but in any event not later than ten [10] days following the initial appearance if the defendant is in custody and no later than twenty [20] days if he is not in custody * * *"

Defendant asserts his preliminary examination was not held within the time provided by the above rule. Because of the asserted rule violation, he contends his conviction should be reversed and the

charge against him should be dismissed. We disagree.

A criminal complaint and an arrest warrant were issued December 18, 1972. The record indicates defendant was in custody from the time of his arrest. His first appearance before a magistrate was December 19, 1972. Rights which are required to be explained to a defendant at this first appearance include the right to the assistance of counsel, and the possible right to representation by an attorney at State expense. Section 41–23–19, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973).

An unexecuted affidavit concerning defendant's ability to employ counsel bears the notation that, on December 19, 1972, defendant refused to sign the affidavit and refused to "give information for an attorney." There is also a notation to the effect that the preliminary examination had been scheduled for December 27 "so preliminary is pending."

A criminal information was filed in the district court on February 23, 1973. At a hearing before the district court on February 26, 1973, the defendant admitted that at the time of his appearance before the magistrate he was unwilling to accept the appointment of an attorney to represent him. Defendant explained that he did not want an appointed attorney unless he was allowed to select the attorney. The court disapproved this procedure. Defendant stated he wished to represent himself but would accept appointed counsel to "act as my assistant." The court then deferred further proceedings until defendant could be advised by counsel as to his legal rights. An attorney was appointed as defendant's "legal advisor" on February 28, 1973.

The next court appearance of defendant was May 30, 1973. At that hearing, defendant stated he desired to have a preliminary examination. Defendant also expressed the desire to have counsel appointed to represent him. The court ordered that a preliminary examination be held that day and appointed the "legal advisor" to act as defendant's counsel.

The foregoing shows that a preliminary examination was scheduled in compliance with § 41–23–20(d), supra. The inference is that the examination was not held at the scheduled time because of defendant's refusal to supply information to the magistrate. This information was needed for a determination as to whether defendant was entitled to court appointed counsel.

█ The question of counsel was resolved on February 28, 1973, but there is nothing explaining the delay from December 19, 1972, to February 26, 1973. A preliminary examination was held May 30, 1973, but there is nothing explaining the delay from the appointment of a legal advisor on February 28, 1973, until May 30, 1973. With these unexplained delays, defendant's claim that § 41–23–20(d), supra, had been violated cannot be answered on the basis that the delays were attributable to defendant. United States v. Catino, 403 F.2d 491 (2d Cir. 1968), cert. denied, [Pagano v. United States], 394 U.S. 1003, 89 S.Ct. 1598, 22 L.Ed.2d 780 (1969); Powell v. United States, 122 U.S.App.D.C. 229, 352 F.2d 705 (1965).

█ On the basis that § 41–23–20(d), supra, had been violated, defendant sought dismissal of the criminal charge. Assuming a rule violation, the remedy for the violation is not dismissal. When a defendant has been denied a timely preliminary examination, the court is to proceed in its discretion in fashioning relief to an aggrieved defendant. United States v. Green, 305 F.Supp. 125 (S.D.N.Y.1969). However, neither dismissal of the charge, nor reversal of a conviction, is an appropriate remedy if there is no showing of prejudice. Powell v. United States, supra. Compare State v. Budau, 86 N.M. 21, 518 P.2d 1225 (Ct.App.1973). Here, no prejudice is shown.

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY, J., concurs.

SUTIN, Judge (dissenting).

I dissent.

*Delay in holding the preliminary examination.*

The Rules of Criminal Procedure "govern the procedure in the district courts of New Mexico in all criminal proceedings. In so far as they may be applicable, Rules * * * 20, * * * [* * * 41–23–20 * * *] *also apply to all proceedings in magistrate court relating to those persons accused of offenses not within magistrate court trial jurisdiction.*" Section 41–23–1, N.M.S.A.1953 (2d Repl.Vol. 6, 1973Supp.). [Emphasis added].

"A prosecution may be commenced by the filing of (1) a complaint, (2) an information, or (3) an indictment." Section 41–23–5, supra.

The criminal complaint in this case was filed in the magistrate's court. It charged defendant with attempted aggravated burglary contary to § 40A–16.4. "Whoever commits aggravated burglary is guilty of a second degree felony." Section 40A–16–4, N.M.S.A.1953 (2d Repl.Vol. 6).

This offense was "not within magistrate court trial jurisdiction", so Rule 20 does apply. The magistrate had a duty to comply with Rule 20. It reads as follows:

(a) *Subpoena of Witnesses.* If the court determines that a preliminary examination must be conducted, subpoenas shall be issued for any witnesses required by the district attorney or the defendant. The witnesses shall be examined in the defendant's presence and may be cross-examined.

(b) *Record of Hearing.* Upon request, a record shall be made of the preliminary examination. If requested, the record shall be filed with the clerk of the district court within ten [10] days after it is requested.

(c) *Findings of Court.* If, upon completion of the examination, it appears to the court that there is no probable cause to believe that the defendant has committed an offense, the court shall discharge the defendant. If the court finds that there is probable cause to believe that the defendant committed an offense

not within magistrate court trial jurisdiction, it shall bind the defendant over for trial. If the court finds that there is probable cause to believe that the defendant committed only an offense within magistrate court trial jurisdiction, it shall proceed pursuant to Rule 21(e) [41–23–21(e)].

(d) *Time.* A preliminary hearing shall be held within a reasonable time but in any event not later than ten [10] days following the initial appearance if the defendant is in custody and no later than twenty [20] days if he is not in custody.

The criminal complaint was subscribed and sworn to on December 18, 1972 and the magistrate issued a criminal arrest warrant the same day. On December 19, 1972, the defendant initially appeared before the magistrate and was requested to sign a document called "Affidavit Regarding Ability To Hire Lawyer". The magistrate wrote on this document: *"Refused to sign* or give information for an attorney". Other language is written which cannot be read or made coherent. It looks something like "or [something] (2–2 *27 Dec*! So Preliminary is pending until R.2d R 2 * * * Do Dugelson attorney". Nothing occurred thereafter in the magistrate's court.

On February 23, 1973, the district attorney filed a criminal information in district court. On February 26, 1973, defendant appeared for arraignment and desired to represent himself. The court deferred the arraignment until defendant could be advised of his legal rights by an attorney. Defendant was remanded to the custody of the sheriff. On February 28, 1973, the district court entered an order appointing an attorney as legal advisor to defendant because defendant refused the appointment of an attorney by the court and announced to the court that he desired to represent himself.

On May 30, 1972, the trial court sought to complete the arraignment. Defendant stated that if he were arraigned at this time, the State will still have violated the statute. The court stated:

You did not receive a Preliminary Hearing * * * because of the fact we couldn't resolve the question of your being represented, before.

After considerable objection by defendant, the trial court led the defendant upon advice of counsel to want a preliminary hearing.

The defendant moved for dismissal for failure of the court and the State to comply with Rule 20. The motion was denied. It is obvious that Rule 20 was not complied with.

The issue is clear: Should this court condone the abuse of authority committed in the magistrate court and the district court? The answer is "No." United States v. Green, 305 F.Supp. 125, 130, (D. C.N.Y.1969). The Rules of Criminal Procedure were designed to protect the accused. State v. Armijo, 72 N.M. 50, 54, 380 P.2d 196 (1963).

Rule 20 is a mandatory rule. The Federal Magistrates Act, 18 U.S.C.A. § 3060, provides for the 10–20 day examination set forth in Rule 20(d), supra. In United States v. Green, supra, the court said:

In effect, the Act mandates a speedy determination of probable cause within precise limitations of time.

See also, Weinberg and Weinberg, The Congressional Invitation to Avoid the Preliminary Hearing: An Analysis of Section 303 of the Federal Magistrates Act of 1968, 67 Mich.L.Rev. 1361 (1969). The matter of a preliminary examination does not rest within the discretion of the trial Court. Article II, § 14 of the New Mexico Constitution provides, among other things, that no person shall be held on an information without having a preliminary examination before an examining magistrate, or having waived such examination before going to trial; that in all criminal prosecutions, the accused shall have the right to appear and defend himself in person.

The record is clear that defendant did not waive his right to a preliminary exami-

nation before he pled not guilty on arraignment. State v. Gallegos, 46 N.M. 387, 129 P.2d 634 (1942).

In Pearce v. Cox, 354 F.2d 884, 890, 891 (10th Cir. 1965), the court said:

> It is the practice at preliminary examinations in New Mexico for the magistrate to arraign the defendant and require him to enter a plea to the charge and to state whether or not he desires to waive a preliminary examination and to treat a plea of guilty as such a waiver.
>
> \* \* \* \* \* \*
>
> When a violation of the defendant's constitutional rights in the proceeding before the magistrate is brought to the attention of the state trial court and found to exist, it is the accused's right to have the information abated, and the court's duty to abate it, until there has been a proper preliminary examination, and to remand the accused to the magistrate for such examination, unless the accused competently, intelligently, and voluntarily waives his right to such examination.

See also, United States v. Green, supra; United States v. Taylor, 465 F.2d 1199, 1200 (10th Cir. 1972); United States v. Rogers, 455 F.2d 407, 412 (5th Cir. 1972);

United States v. Assenza, 337 F.Supp. 1057 (U.S.D.C.Fla.1972).

It is a sad adventure in the fair and impartial administration of justice to condone the abuse of authority by the courts and then place the burden on defendant to establish prejudice. This court has constantly played "ring around the rosy" with many rules of civil and criminal procedure. Once upon a time, the courts recognized that the Constitution was adopted by the people to protect the accused, not condemn him; that Rules of Criminal Procedure were adopted by the Supreme Court to demand due process, not to make them a fol-de-rol.

The burden of setting the time for preliminary examination is placed on the courts, the State, not on the defendant. The burden of showing why the preliminary examination was delayed rests on the courts and the State. The long delay between initial appearance and preliminary examination must be justified by the courts and the State. See dissenting opinion, State v. Budau, 86 N.M. 21, 518 P.2d 1225, 1229 (Ct.App.1973).

This case should be reversed and remanded to the magistrate's court for a preliminary examination.