441 P.2d 218

STATE of New Mexico, Plaintiff-Appellee,

v.

Jack Lee BLANKENSHIP, Defendant-Appellant.

No. 161.

Court of Appeals of New Mexico.

May 3, 1968.

Tom Neal, Neal & Neal, Hobbs, for appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Judge.

Defendant's claim for post-conviction relief under § 21–1–1(93), N.M.S.A.1953 (Supp.1967), is based upon (1) his extradition and (2) denial of medical treatment.

The trial court denied defendant's motion on the basis that it was a successive motion which it need not consider. This ruling was made prior to publication of State v. Canales, 78 N.M. 429, 432 P.2d 394 (1967). Canales held that a second or successive motion may be refused only if the prior denial rested on an adjudication of the merits of the ground presented in the subsequent application.

Defendant's motion was based on grounds different from the ground asserted in his first motion. Thus, the basis for denying his second motion was improper. This, however, does not aid the defendant. His second motion does not set forth a basis for relief.

*Extradition.*

Defendant was charged with forgery. He had received a preliminary hearing and had been bound over for trial. He alleges that thereafter he was extradited to Oklahoma and subsequently was extradited from Oklahoma to New Mexico. He claims that New Mexico waived any jurisdiction to prosecute him on the forgery charge by extraditing him to Oklahoma and therefore his return to New Mexico and prosecution for the forgery was void.

If a criminal prosecution is pending in New Mexico, § 41–19–19, N.M.S.A. 1953,

gives the Governor discretion either to surrender the person under our extradition procedure or to hold the person until he "has been tried and discharged or convicted and punished in this state."

Section 41–19–23, N.M.S.A. 1953, provides that nothing in our extradition statute, §§ 41–19–1 to 41–19–30, shall be deemed to constitute a waiver on the part of the State to regain custody of the individual for the purpose of trial and punishment in New Mexico. This section further provides that nothing under the act which results in extradition shall be deemed a waiver by New Mexico of any of its rights, privileges or jurisdiction.

Upon his return to New Mexico, defendant entered a plea of guilty. State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967), states:

"Following a plea of guilty illegality in extradition * * * is not a ground for attack under Rule 93."

The extradition proceedings were proper. But even if they had been improper, they would not provide a basis for post-conviction relief to defendant.

*Denial of Medical Treatment.*

Defendant asserts that after he was returned to New Mexico he spent approximately three weeks in the county jail. He contends that during this time he needed, asked for, but was denied, medical treatment. He claims this amounted to a cruel and unusual treatment in violation of the Eighth Amendment to the United States Constitution.

"The cruelty against which the Constitution protects a convicted man is cruelty inherent in the method of punishment." State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459, 67 S.Ct. 374, 91 L.Ed. 422, (1947), rehearing denied 330 U.S. 853, 67 S.Ct. 673, 91 L.Ed. 1295 (1947).

Defendant's claim is not a claim of cruelty in his punishment. The claim does not raise an issue under the Eighth Amendment. If in fact defendant was improperly denied medical treatment, this occurred

prior to his plea of guilty. He does not claim that his plea was involuntary as a result of the alleged denial of treatment. His claim of denial of medical treatment does not provide a basis for relief.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.