445 P.2d 391

STATE of New Mexico, Plaintiff-Appellee,
v.
Kenneth D. MOSLEY, Defendant-Appellant.
No. 224.

Court of Appeals of New Mexico.
Sept. 13, 1968.

**515**

B. R. Baldock, Sanders & Bruin, Roswell, for defendant-appellant.

Boston E. Witt, Atty. Gen., David R. Sierra, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Judge.

Defendant's motion for post-conviction relief under § 21-1-1(93), N.M.S.A.1953,

was denied without a hearing. His appeal raises three issues.

■ 1. Defendant was charged by a criminal information. He claims that under N.M.Const. Art. XX, § 20, he was entitled to be indicted by a grand jury. The claim is without merit. Under N.M.Const. Art. II, § 14, a defendant may be charged either by grand jury action or by a criminal information. Flores v. State, '(Ct. App.), 79 N.M. 420, 444 P.2d 605, decided August 9, 1968, and cases therein cited.

■ 2. After being arrested and jailed in New Mexico defendant contends that he was released to a Texas sheriff, confined in a Texas jail for four days and then illegally returned to New Mexico. We assume, but do not decide, that this claim is true. Defendant pled guilty in the trial court; he does not claim that his plea was involuntary. His claim of "illegal" return to New Mexico, be it a claim of illegal arrest or illegal extradition, was waived by his plea. State v. Losolla, 79 N.M. 296, 442 P.2d 786 (1968); State v. Williams, 78 N.M. 211, 430 P.2d 105 (1967); State v. Blankenship, 79 N.M. 178, 441 P.2d 218 (Ct.App.1968).

■ 3. Defendant claims he was returned to New Mexico from Texas without extradition proceedings and without a waiver of extradition and that in being so returned he suffered cruel and unjust treatment. This claim is not a claim of cruelty in his punishment and does not raise an issue under U.S.Const., Amend. VIII and N.M.Const. Art. II, § 13. State v. Peters, 78 N.M. 224, 430 P.2d 382 (1967); State v Blankenship, supra.

The order denying relief is affirmed.

It is so ordered.

SPIESS, C. J., and ARMIJO, J., concur.