493 P.2d 416

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Andrew K. PATTON, Lyle V. Moody, Defendants-Appellants.**

**No. 731.**

Court of Appeals of New Mexico.

Jan. 7, 1972.

George P. Jones, III, Albuquerque, for Andrew K. Patton.

Douglas T. Francis, Albuquerque, for Lyle V. Moody.

David L. Norvell, Atty. Gen., James B. Mulcock, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Under Rule 93, § 21–1–1(93), N.M.S.A. 1953 (Repl. Vol. 4), Patton and Moody sought to vacate a prior judgment and sentence upon conviction for armed robbery with a sawed-off shotgun. This court granted them the right to a hearing on the motion in the trial court. State v. Patton, 82 N.M. 29, 474 P.2d 711 (Ct.App.1970).

■ The trial court found that in July, 1967, after the arrest, Patton and Moody each gave a written statement to members of the Albuquerque Police Department. Each consulted with his attorney, was competently and effectively represented, and voluntarily pleaded guilty without promises or threats while knowing the consequences thereof. These findings are supported by substantial evidence. Therefore, the plea of guilty is binding. State v. Robbins, 77 N.M. 644, 427 P.2d 10 (1967). Although Patton, answering interrogatories by the court, stated that he did not plead guilty with full knowledge of the consequences, his answer was not conclusive. The record shows that Patton was fully advised by his counsel. State v. Elledge, 81 N.M. 18, 462 P.2d 152 (Ct.App.1969).

The foregoing disposes of Moody's claim that his plea was involuntary and Patton's claim that his plea resulted from threats and promises and was made without an understanding of the consequences.

The claim of both defendants that they did not have effective assistance of counsel is answered by State v. Wilson, 82 N.M. 142, 477 P.2d 318 (Ct.App.1970). Patton's claim that he made an incriminating statement in a manner that violated his constitutional rights and induced his plea is answered by Burton v. State, 82 N.M. 328, 481 P.2d 407 (1971). Patton's claim that he should have been proceeded against by information rather than by indictment is answered by New Mexico Constitution, Art. II, § 14 and State v. Mosley, 79 N.M. 514, 445 P.2d 391 (Ct.App.1968).

■ Finally, Moody's claim that he was prejudiced because a portion of the record in his case was missing, is also without merit. The missing portion of the record is a hearing on the issue of reduction in bond and a hearing concerning change of coun-

sel. Moody makes no effort to show how he was prejudiced. See State v. Brill, 81 N.M. 785, 474 P.2d 77 (Ct.App.1970). No "colorable need" for the missing records is shown. See Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971).

Affirmed.

WOOD, C. J., and HENDLEY, J., concur.