UNITED STATES of America,
Appellant,

v.

David B. CHARNAY, Chester C. Davis
and Robert A. Maheu, Appellees.

No. 77–2122.

United States Court of Appeals,
Ninth Circuit.

June 16, 1978.

John J. Klein, Asst. U. S. Atty. (argued), Reno, Nev., for appellant.

Sherwin J. Markman (argued), Washington, D. C., for appellees.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

This case comes before us a second time on an appeal by the Government. The appeal is again from an order dismissing the indictment, but on grounds quite distinct from those previously considered. We affirm the ruling of the district court.

The charges in the indictment and the nature of the prosecution are set forth in our previous opinion. *United States v. Charnay,* 537 F.2d 341 (9th Cir.), *cert. denied,* 429 U.S. 1000, 97 S.Ct. 528, 50 L.Ed.2d 610 (1976). There we reversed an order of the district court dismissing the case, holding that the indictment was sufficient to support charges for substantive violations of the federal securities law and the wire fraud statute, and for conspiracy.

Upon remand from this court, the trial was set for March 14, 1977. Four days before the trial was to begin, the Government moved for a continuance, representing that it had been unable to serve a subpoena upon a critical witness named Crockett, or even to discover where Crockett was. At the hearing on the motion to continue, the court ascertained that the Government had been seeking Crockett since January and that it did not believe that it could go to trial without him.

It was anticipated that the trial would extend for a month or more, and that the issues would be complex. Counsel for one of the defendants represented that he had spent nearly a thousand hours preparing for the trial and that a significant portion of that preparation would be duplicated if a continuance were granted for thirty or forty-five days.

The following colloquy occurred between the court and Mr. Semenza, the United States attorney:

THE COURT: So if I made an order vacating the trial and gave you forty-five days to locate Mr. Crockett and obtain his assurance of his presence here for trial and you are unable to do so, would be willing to dismiss the indictment?

[PROSECUTOR]: I don't think I would go that far, your Honor.

THE COURT: Why not, if he is crucial?

[PROSECUTOR]: I might try to attempt to get certain documents in, your Honor. I doubt if I could do so. I would think at that point if Mr. Crockett is unavailable, we would have to probably dismiss.

THE COURT: I gather maybe you think the Department of Justice might complain if you made a concession, but you are willing to agree that if I made that a condition of this continuance, it would be a reasonable condition?

[PROSECUTOR]: I don't always get along with the Department of Justice's recommendations, your Honor. Obviously, we would have to abide by the condition the Court set.

Record, vol. II, at 17–18. After further discussion, the court and counsel made the following statements on the record:

THE COURT: I think the Government has used due diligence in attempting to obtain the presence of the witness George Crockett. I find on representation of the United States Attorney that he is absolutely essential to the presentation of the Government's case, and that it cannot be tried without him. In order to accommodate defense counsel with respect to their conflicting trial settings, and also with respect to their feared lapses of memory with respect to the preparation that they have undertaken, I will vacate the trial setting for March 14th and reschedule the case for trial on April 18th at 9:30 o'clock.

[DEFENSE COUNSEL]: Your Honor, can we go forward with the pretrial conference at this time?

THE COURT: Yes. We will have a pretrial conference in this case at 1:30 on April 15th. If at that time the Government is unable to assure the Court that George Crockett will be available as a witness at the scheduled trial, the indictment will be dismissed. . . .

THE COURT: Now, if you don't like those conditions, Mr. Semenza, we will go to trial on Monday. So you can say so now one way or the other.

[PROSECUTOR]: I didn't object to them.

Id. at 23–24.

The trial having been continued until April 18, a pretrial conference was held on April 15. At that time the Government moved for a further continuance because Crockett was still unavailable. The United States attorney related that the Government had made diligent efforts to locate the witness. There was some speculation, unsupported by testimony or affidavits, that Crockett was "floating somewhere off the San Carlos port area in Mexico in his 26-foot cabin cruiser," and that he had "no intention of returning to the San Carlos area until . . . after the indictment in this case has been dismissed." The United States attorney conceded that the continuance was sought "without the reasonable assurance that we will ever be able to compel the attendance of Mr. Crockett." The court denied the motion for a continuance, stating that the motion was requested without reference to a specific future trial date and without any assurance that the presence of the essential witness could be procured in a reasonable time. When the request for continuance was denied, the court, on motion of the defendants, dismissed the indictment pursuant to rule 48(b) of the Federal Rules of Criminal Procedure, finding that there had been an unnecessary delay in bringing the defendant to trial.[1]

The decision whether to continue a trial to enable a party to procure an absent witness rests in the sound discretion of the trial court and will not be disturbed on appeal absent a clear showing that such discretion has been misused. *United States v. Thompson,* 559 F.2d 552, 553 (9th Cir.), *cert. denied,* 434 U.S. 973, 98 S.Ct. 528, 54 L.Ed.2d 464 (1977); *Powell v. United States,* 420 F.2d 799, 801 (9th Cir. 1969). The district court did not abuse its discretion in denying the Government a second

1. Although the court did not indicate that the dismissal of the indictment was with prejudice, the dismissal had that effect since the applica- ble statute of limitations had run and consequently the defendants could not be reindicted.

continuance. The inability of the prosecution to give any assurance that it could produce Crockett in a reasonable period of time would be, in the circumstances here, an adequate ground for denying the motion. *See United States v. Brandenfels*, 522 F.2d 1259, 1262–63 (9th Cir.), *cert. denied*, 423 U.S. 1033, 96 S.Ct. 564, 46 L.Ed.2d 406 (1975). And here there were other considerations as well. Unexpected delays in a trial date must be accepted on some occasions, as both the bar and the bench know from painful experience. Nevertheless, the court which hears the request for a continuance should consider the hardship to counsel and clients when time spent in preparation would be wasted and adjustments which adversely affect other professional commitments would be required. These factors, as well as the fear and anxiety of the defendants facing a criminal trial, properly were considered by the trial court, both when the first continuance was granted and when the request for the second one was denied.

■ Turning to the dismissal of the indictment, we have recently outlined the standards for evaluating the propriety of a dismissal with prejudice under rule 48(b). In *United States v. Simmons*, 536 F.2d 827 (9th Cir.), *cert. denied*, 429 U.S. 854, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976), this court stated that the power to dismiss "should be utilized with caution, and only after a forewarning to prosecutors of the consequences." *Id.* at 836. *See also United States v. Towill*, 548 F.2d 1363, 1369–70 (9th Cir. 1977). When the first continuance was granted, the judge gave clear and express warning to the Government of the consequences attendant on any further failure to proceed with the trial. The Government indicated its understanding of the court's warning that it would order the case dismissed if the prosecution was not prepared to proceed on the date as extended. In dismissing the case, the trial court exercised its discretion in a sensitive and careful manner, after it had given earlier a precise warning of the situation the Government would face if it made a further request to continue the trial. In these circumstances the court exercised all the requisite caution, and it was entirely proper for it to dismiss the indictment pursuant to rule 48(b). Indeed, on this record, we doubt that any other prudent course was open to the trial judge.

AFFIRMED.