581 P.2d 1290

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Glenda WILLIAMS, Defendant-Appellant.**

**No. 3455.**

Court of Appeals of New Mexico.

July 5, 1978.

John H. Lewis, D'Angelo Law Firm, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Convicted of being an accessory to auto burglary, defendant appeals. We (1) answer certain issues summarily; discuss (2) attorneys as witnesses; and (3) interviewing witnesses.

*Issues Answered Summarily*

■ (a) Trial was within the extension granted by Judge Snead, who was designated by the Supreme Court to hear the petition for extension of time in which to try defendant. There was no violation of Rule of Crim.Proc. 37(b). Defendant claims that Judge Snead erred in granting the extension because "good cause" for the extension was not shown. We do not review this contention. In granting the extension, Judge Snead was acting for the Supreme Court. This Court has no authority to review actions of the Supreme Court. *State v. Jaramillo*, 88 N.M. 60, 537 P.2d 55 (Ct. App.1975).

■ (b) The information was filed April 28, 1977. The case was scheduled for trial on September 7, 1977. Because of the absence of witnesses, the State moved for a continuance. Defendant did not oppose the motion and a continuance was granted. Trial was then scheduled for October 27, 1977. On October 26, 1977 defendant moved to dismiss. This motion raised the issues discussed hereinafter in this opinion. This motion required an evidentiary hearing. Accordingly, Judge Snead vacated the trial setting of October 27, 1977 and granted the petition for extension referred to in paragraph (a) above. Trial on the merits began January 9, 1978. The case was tried approximately eight and one-half months after the information was filed. Defendant acquiesced in vacating the trial setting in September and, by the late filing of a motion requiring an evidentiary hearing, caused the vacation of the October trial setting. These circumstances do not show a violation of the right to a speedy trial. See *State v. Tafoya*, 91 N.M. 121, 570 P.2d 1148 (Ct.App.1977).

■ (c) As a part of the defense case, two witnesses testified as to defendant's employment by them. Defendant tendered

testimony from each witness that, in the opinion of the witness, the defendant was an honest person. Defendant asserts this testimony was improperly excluded. We assume the tendered testimony was admissible under Evidence Rules 404(a)(1) and 405(a), and that the trial court erred in excluding it. The error, however, was harmless because the evidence of defendant's guilt was overwhelming. See *State v. Bell*, 90 N.M. 160, 560 P.2d 951 (Ct.App. 1977); *State v. Self*, 88 N.M. 37, 536 P.2d 1093 (Ct.App.1975).

■ (d) The refused instruction, of which defendant complains, would have instructed the jury on circumstantial evidence. Refusal was proper because such an instruction is not to be given. U.J.I. Crim. 40.01; *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977).

■ (e) Issues listed in the docketing statement, but not briefed, are deemed abandoned. *State v. Ortiz*, 90 N.M. 319, 563 P.2d 113 (Ct.App.1977).

*Attorneys as Witnesses*

■ Defendant's motion to dismiss (see paragraph (b) above) alleged that the district attorney's office had "interferred [sic] with a full and proper preparation of this case by defense counsel."

Defendant sought to call two prosecuting attorneys as witnesses in support of this motion. The prosecuting attorneys objected, pointing out that if called as witnesses, they would be disqualified from trying the case. See *State v. McCuistion*, 88 N.M. 94, 537 P.2d 702 (Ct.App.1975).

The trial court ruled it would accept the unsworn statements of counsel, that interrogation of counsel would be by the court, and if defense counsel was of the view that there should be further inquiry, he should inform the court.

Thereafter, various police officers were called as witnesses. After the conclusion of this testimony, the trial court questioned one of the prosecutors and one of the de-

fense counsel. There is no distinction of significance in the unsworn answers of the two attorneys. The trial court was not requested to conduct any additional inquiry.

■ Defendant contends she was denied her constitutional right to a fair trial because the trial court refused to allow her to examine the prosecuting attorneys under oath. We disagree. The trial court did not abuse its discretion in proceeding as it did. *State v. Hogervorst*, 90 N.M. 580, 566 P.2d 828 (Ct.App.1977). Defendant did not request that the trial court conduct additional inquiry of the prosecutor who was questioned by the court, and there is no material difference between the statements of the prosecutor and the defense attorney.

*Interviewing Witnesses*

Testimony by police officers is to the effect that they would not consent to be interviewed by defense counsel in the absence of an attorney from the district attorney's office. There is evidence that this was the policy of the police department, and there is evidence that this policy was placed in effect because of experience by police officers with "trick" questions by defense counsel in the past. There is evidence that the police department adopted this policy after discussions with the district attorney's office, and that Mr. Rosenthal, a prosecutor, suggested that if the officers were being hassled by defense attorneys, that Rosenthal would go with the officers and that might take care of the problem.

In this case, several officers agreed to be interviewed by defense counsel, but only in the presence of an attorney from the district attorney's office. Defense counsel originally agreed to such a condition, but subsequently changed his mind and cancelled the meetings with police officers that had been scheduled.

The "interference" claimed by defendant in the preparation of the case is the fact that police officers would not meet with defense counsel except in the presence of an

attorney from the district attorney's office. Defendant moved to dismiss the criminal charge on the basis of this alleged interference. She contends that denial of this motion was error because the alleged interference denied her the right to a fair trial and the effective assistance of counsel.

There are two aspects to this issue. One aspect involves the police officers, the second aspect involves the district attorney.

■ The police officer witnesses, not being under court order or other legal process, had the right to refuse to be interviewed and had the right to dictate the terms of the interview sought by defense counsel. *Byrnes v. United States*, 327 F.2d 825 (9th Cir. 1964). The police officers had no obligation to subject themselves to trick questions or hassling by defense counsel in voluntary interviews. The police department could properly adopt a policy that officers should refuse to be interviewed by defense counsel except in the presence of an attorney for the prosecution. Such a policy is consistent with Rule of Crim.Proc. 29(a)(1) which provides for depositions when "the person will not cooperate in giving a voluntary, signed, written statement". The prosecuting attorney would be entitled to be present and cross-examine at such a deposition. Rule of Crim.Proc. 29(h). The fact that police officers would not voluntarily be interviewed by defense counsel in the absence of a prosecuting attorney, did not deprive defendant of a fair trial or the effective assistance of counsel; defendant could have moved for permission to depose the officers.

To the extent the district attorney's office advised or encouraged the police officers not to be interviewed by defense counsel in the absence of a prosecuting attorney, that advice or encouragement was contrary to ABA Standards Relating to the Administration of Criminal Justice, Compilation, p. 88, § 3.1(c) (1974) which reads:

(c) A prosecutor should not discourage or obstruct communication between prospective witnesses and defense counsel. It is unprofessional conduct for the prosecutor to advise any person or cause any person to be advised to decline to give to the defense information which he has the right to give.

■ The facts, however, show that the conduct of the district attorney's office did not deny defendant a fair trial and did not deprive defendant of the effective assistance of counsel. Defendant's contacts with police officers, for interviews, occurred on October 18th and 19th, 1977. The arrangement for interviews, at which the prosecutor was to be present, was for October 19th, 1977. Defendant cancelled this arrangement. Defendant's motion to dismiss, on the basis of the alleged interference, was filed October 26, 1977 and was heard on November 9, 1977. Trial was January 9, 1978.

Defendant did not seek the aid of the court in interviewing the police officer witnesses, see *Babson v. State*, 201 So.2d 796 (Fla.App.1967). She has made no showing that she was unprepared to question the police officer witnesses at trial. See *Gregory v. United States*, 125 U.S.App.D.C. 140, 369 F.2d 185 (1966). Having made no attempt to depose the officers, she cannot complain of being unable to interview the officers in advance of trial.

■ Instead of timely seeking the aid of the court in discovering the officers' testimony, defendant has sought dismissal of the criminal charge. Dismissal is not the proper remedy. See *Gregory v. United States*, supra; compare *State v. Warner*, 86 N.M. 219, 521 P.2d 1168 (Ct.App.1974). The remedy for improper interference by the prosecutor would be discretionary with the trial court. Compare Rule of Crim.Proc. 30. An appropriate remedy would be to compel discontinuance of the interference so as to enable a defendant to make appropriate discovery.

The judgment and sentence are affirmed.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.