608 P.2d 537

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Robert M. SMALLWOOD and Michael Cullan Miller, Defendants-Appellees.**

**No. 4233.**

Court of Appeals of New Mexico.

March 4, 1980.

Jeff Bingaman, Atty. Gen., Walter G. Lombardi, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

John B. Bigelow, Chief Public Defender, Candace Kern, Asst. Public Defender, Martha A. Daly, App. Defender, Santa Fe, for defendant-appellee Smallwood.

William Lazar, Espanola, for defendant-appellee Miller.

## OPINION

WALTERS, Judge.

The State appeals from the dismissal of robbery charges brought in San Miguel County against both defendants.

The prosecutions were initiated by criminal complaints filed in Magistrate Court. On May 21, 1979, a preliminary hearing on the two complaints was held before the local magistrate judge. The magistrate found, after presentation of evidence, that probable cause existed to believe that the two had committed the crime charged and he orally bound defendants over for trial in the District Court. The magistrate court's written bind-over order was not filed in the record proper, but it was attached to the State's docketing statement and is dated May 25, 1979.

On May 23, 1979, the District Attorney filed a criminal information in the District Court charging defendants with the same criminal offense, in violation of § 30–16–2, N.M.S.A.1978. Although not sworn to, the information was signed by the District Attorney. Two days later the defendants were arraigned on the information before District Judge Martinez, both entering not guilty pleas. At the arraignment, and in response to an inquiry by the trial court, counsel for each defendant advised Judge Martinez that defendants had received a preliminary hearing. The trial court granted defense motions for reduction of bond, set a jury trial for June 18, 1979, and directed the District Attorney to cooperate in making full discovery available to defendants.

On June 19, 1979, the case was called for trial upon the trailing docket. Prior to voir dire and outside the presence of the prospective jury panel, defense counsel informed the trial court that, while in the Mora County jail, defendant Miller had been "doused with some type of acid or Drano-type of material" and had been severely burned. Miller's counsel suggested that because of Miller's use of medication necessitated by his injuries, his extreme suffering, and his incarceration from the date of his arrest in May, the court should

" * * * dismiss the information that has been lodged in this case against the defendant based purely upon the humanitarian reasons * * *."

Miller's counsel also moved, in limine, to preclude the State from referring to an inculpatory statement made by the co-defendant Smallwood and, alternatively, if that motion were denied, that the charges against the two defendants be severed.

Smallwood's counsel moved at the same time to preclude the prosecution from referring to "an alleged break from the jail in Mora County subsequent to Mr. Smallwood being incarcerated in said facility." He joined in Miller's severance motion.

In response to the motion for suppression of Smallwood's statement, the State assured the court that "there are no such statements that were taken by the police subsequent to the arrest."

Immediately thereafter, in open court and in the presence of the jury panel, the court stated its rulings on the above motions and requests, as follows:

The record will show that the Court is now taking up the matter of *State of New Mexico v. Robert M. Smallwood and Michael Cullan Miller*, San Miguel County Cause No. 79–28.

Defense attorneys, in chambers, have made several motions on behalf of the defendants. Attorney Tom Rice on behalf of client, defendant Miller, has made a motion to dismiss the criminal information herein on what he described as "humanitarian reasons," but which the court will take and consider as a motion based on Section 13 of Article 2 of the New Mexico Constitution which prohibits cruel and unusual punishment.

Additionally, gentlemen, although counsel has not raised the point, the court has examined the file and finds, first of all, that the—this prosecution is based on a criminal information, and there is no order binding the defendants over in the file. The Constitution of the State of New Mexico requires that "No person shall be held to answer for a capital,

felonious, or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputy. No person shall be so held on information without having had a preliminary examination before an examining magistrate or having waived such preliminary examination." There is nothing in the file to show that a preliminary examination has been had, and that the man has been bound over to stand trial to the district court. And there is nothing to show that either of these two gentlemen have waived preliminary examinations. There is a transcript which apparently was a transcript of preliminary examination, but there is still no order or waiver on file.

Additionally, the Constitution prohibits the issuance of a warrant or the detention of any person except upon a showing made on oath or affirmation, and I find that the criminal information in this case is not verified or sworn to.

For those constitutional reasons, the court finds that the constitutional rights of the defendants have been violated in that respect, particularly the rights of Mr. Miller to be held free from cruel and unusual punishment, which is a consequence of the failure of the State to provide a safe and adequate place for the incarceration of the prisoner; as well as for the failure of the State to have made adequate discovery. I see that there are motions for discovery in the file which have been previously granted by the court, and there is no response to any of those motions on file.

So, for these reasons the court feels compelled to take this action, and will now take this action, and the court does now dismiss this cause with prejudice and orders and directs that the defendants immediately be released from custody, and that any and all charges or possible charges arising from any of their conduct during the time they were held in detention also be similarly dismissed with prejudice and may not be again brought before this court. And it is the feeling of this court that the failure of the State to proceed properly in this matter prohibits them from making any act or conduct of these defendants, while held in this manner, the basis for any further or additional criminal prosecution. And I am referring specifically to the possible charge of escape and whatever else may have occurred.

Now, Mr. Sheriff, at this time I am directing you as the Mora County Sheriff, in whose custody these men have been held, to release them.

■ The State contests the propriety of the trial court's order of dismissal of the pending charges against these defendants, and the "dismissal" of the escape charges which had not yet been filed. We examine the reasons given by the trial judge and his order of dismissal; if any of the reasons given is supportable, the order of dismissal must be upheld. *State v. Ericksen, et al.,* 94 N.M. 128, 607 P.2d 666 (Ct.App.1980); *State v. Beachum,* 83 N.M. 526, 494 P.2d 188 (Ct.App.1972).

1. *Cruel and Unusual Punishment.*

The first ground stated for dismissing charges was that

\* \* \* the county of San Miguel has failed to provide a safe and adequate place for the incarceration of the defendant, as a consequence of which the defendant Michael Cullen Miller has suffered serious bodily injury, and that this circumstance of the incarceration of the defendants had been such as to constitute cruel and unusual punishment contrary to the provisions of Art. II, Sec. 13 of the New Mexico Constitution.

The ruling was, in effect, a conclusion by the trial court that (1) cruel and unusual punishment is a substantive defense to a crime, and; (2) the defense existed in this case as a matter of law.

The United States Supreme Court recently footnoted the scope of the Eighth Amendment (Cruel and Unusual Punishment clause) to the United States Constitution:

Eighth Amendment scrutiny is appropriate only after the state has complied with the constitutional guarantees traditionally associated with criminal prosecutions. *See U. S. v. Lovett,* 328 U.S. 303, 317–318 [66 S.Ct. 1073, 1079–1080, 90 L.Ed. 1252] (1946) * * *. [T]he state does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment. *Ingraham v. Wright,* 430 U.S. 651, 671, 97 S.Ct. 1401, 1412, 51 L.Ed.2d 711, 730 (1977). *See also Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (cruel and unusual punishment protection is not available to pretrial detainees).

New Mexico's decisions construing our parallel provision accord with the Supreme Court's construction of the federal Cruel and Unusual Punishment amendment. *See State v. Blankenship,* 79 N.M. 178, 441 P.2d 218 (Ct.App.1968) (a claim of cruel and unusual punishment—denial of medical treatment—is not an issue when the alleged denial occurs prior to the defendant's plea of guilty); *State v. Mosley,* 79 N.M. 514, 445 P.2d 391 (Ct.App.1968) (an allegedly illegal extradition for purpose of trial does not raise an issue of cruel and unusual punishment). *See also Christie v. Ninth Judicial District,* 78 N.M. 469, 432 P.2d 825 (1967).

■ It is thus the rule that if a detainee allegedly suffers punishment while being held for trial, he has been denied the protection of the Due Process Clause. *Bell v. Wolfish, supra,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447; *Ingraham v. Wright, supra,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711. There is no claim in this case that defendant Miller was punished by the State as a condition of his detention, or that the injuries he suffered would preclude a fair adjudication of the charges against him in accordance with due process of law. *See State v. Blankenship, supra.* Constitution-

ally prohibited punishment should not have been a consideration below.

■ The injuries suffered by Miller, although possibly the subject of a civil rights action under federal or state law (*see City of Belen v. Harrell,* 93 N.M. 601, 603 P.2d 711 (1979)), could not provide a substantive defense to a criminal charge. Even if the court meant to find that punishment was imposed upon the defendant in violation of a due process, that finding, without more, provides no defense to a criminal charge. The trial court erred in applying such a presumed finding as grounds for dismissal of the charges here, as a matter of law. *See State v. Mares,* 92 N.M. 687, 594 P.2d 347 (Ct.App.1979). The Due Process Clause guarantees defendant the right not to be punished while being detained for trial; it does not guarantee dismissal of pending charges if punishment during detention is found to exist. The failure of due process might raise a defense in the nature of duress if asserted in response to charges of escape, but it would still present a question of fact for the jury to decide on such a charge. *Esquibel v. State,* 91 N.M. 498, 576 P.2d 1129 (1978).

■ In his answer brief, defendant Smallwood suggests that the trial court's order was not an "abuse of discretion," citing *State v. Kincheloe,* 87 N.M. 34, 528 P.2d 893 (Ct.App.1974). We do not agree that abuse of discretion is the issue to be resolved; nevertheless, even if we were to view the trial court's decision as a discretionary one, it is clear that the judge "committed manifest error." *Kincheloe, supra,* at 36, 528 P.2d 893.

■ For the above reasons, we conclude that the trial court committed error in relying upon the Cruel and Unusual Punishment provision of the New Mexico Constitution to dismiss the information.

### 2. Jurisdictional Issues.

The State attacks the trial court's additional reasons to dismiss upon the jurisdictional grounds stated in its decision: (A) the information was not verified; (B) there

was no bind-over order from magistrate court; (C) the record failed to show preliminary examinations. We agree with the State's position.

■ (A) Under N.M.R.Crim.P. 5(c), 1978, the information need not be verified. The trial court relied, however, upon Art. II, Sec. 10, of the New Mexico Constitution, which requires that warrants be supported by oath or affirmation, to justify its ruling. We assume the court reasoned that since the information was not "under oath" it would not support an arrest warrant and thus the defendants could not be held. Although it is true that the information was not sworn to, the record on appeal discloses that the prosecution in this case had been commenced by criminal complaint, and defendants had already been arrested and had appeared at a preliminary examination before the information was filed. Whether the complaint was under oath was not an issue before the trial court, and in view of our discussion below regarding the effect of a filed information, we hold it was error for the trial court to dismiss on the ground of an unverified information.

■ (B) The bind-over order was attached to defendant's docketing statement, but because it does not appear in the record we assume it was not presented to the trial court. Its absence, however, would not justify dismissal of the information. The district court obtained jurisdiction over the criminal matter upon the filing of the information. *State v. Vigil*, 85 N.M. 328, 512 P.2d 88 (Ct.App.1973); *State v. Vasquez*, 80 N.M. 586, 458 P.2d 838 (Ct.App.1969). The court erred in ordering dismissal on that ground.

(C) The trial court also dismissed the information because

[t]here is nothing in the file to show that a preliminary examination has been held, and that the man has been bound over to stand trial to the district court. And there is nothing to show that either of these two gentlemen have waived preliminary examinations.

■ The lapse in the record would not provide a basis for dismissing the information with prejudice. If indeed there had been a failure to provide a preliminary examination, it could have been cured by remanding the matter for that purpose with further proceedings on the information abated until the preliminary had been held. *State v. Vasquez, supra; State v. Vaughn*, 74 N.M. 365, 393 P.2d 711 (1964). But in this case the evidence before the court contradicted the statements made by the court. The judge expressly noted the existence of a transcribed record of the preliminary examination in the file (notwithstanding the absence of any other documents relating to a preliminary hearing), and both defense counsel had advised the court a month earlier at defendants' arraignment that a preliminary examination had been conducted.

The court committed error in justifying its dismissal of the information on the basis that defendants had not received a preliminary examination.

3. *Violation of Discovery Orders.*

As the final reason for dismissing the charges, the district court ruled that "the defendants have heretofore filed motions for discovery and the same have been allowed by the court, but the State has failed to make adequate responses thereto." The ruling is not supported by the evidence.

Defendants filed motions for statement of facts, motions for exculpatory information, motions for general disclosure, and a motion to compel the State to disclose their witnesses. All of these motions were pursuant to and authorized by N.M.R.Crim.P. 27. At arraignment, the prosecutor assured the court and defense attorneys that he would cooperate in making full discovery. Rules 27(d), 27(e), and 30 provide the procedure under which discovery may be compelled. They require that the alleged discovery violation be brought to the attention of the court, that a motion be made to compel discovery, and that an order issue from the trial court compelling discovery. No such procedure was followed in this case. *See State v. Williams*, 91 N.M. 795, 581 P.2d 1290 (Ct.App.1978).

Even so, the record indicates that the state supplied a "notice of intent to call witnesses" and filed a response to defendant's requested statement of facts. At the hearing which resulted in the court's order of dismissal, defense counsel agreed they had received rap sheets and the police reports on the incident leading to the criminal prosecution. The only request remaining referred to a statement allegedly made by the co-defendant Smallwood, but the State responded that there was no such statement that could be produced. Neither defendant argued any other matters not having been made available by the State. The record does not sustain the trial court's conclusion that the State had not fully responded to discovery requests.

 Although Rule 30 is broadly worded regarding permissible sanctions for discovery violations—allowing "such other order as it [the court] deems appropriate under the circumstances"—it is clear that the order of dismissal was improper, especially under the circumstances of this case. We have held that dismissal is not the proper remedy for interference by the prosecutor with defendant's attempts to discover. *See State v. Williams, supra; State v. Warner,* 86 N.M. 219, 521 P.2d 1168 (Ct.App.1974). It is even less appropriate when the record fails to disclose any discovery violations.

4. *"Dismissal" of Escape Charges.*

The final paragraph of the trial court's order directed that "no charges shall be filed * * * arising from the allegation that they walked away from their aforesaid place of detention."

In counsel's argument before trial, he asked that the State be precluded from inquiring about "an alleged break from the jail in Mora County subsequent to Mr. Smallwood being incarcerated in said facility." That was the only information regarding escape given to the court. The court's order recited that because defendants were "held and incarcerated in violation of their constitutional rights," escape charges could not be filed by the district attorney. As we have above held, no constitutional violation occurred. It was therefore improper to deny the district attorney, upon that ground, the right to pursue subsequent prosecutions.

The trial court's order of dismissal with prejudice must be reversed. The matter is remanded for reinstatement of charges against defendants and for a jury trial on the allegations of the information.

IT IS SO ORDERED.

HENDLEY and ANDREWS, JJ., concur.