658 P.2d 460

**STATE of New Mexico,
Plaintiff-Appellant,**

v.

**Rudy Andy LOPEZ, Defendant-Appellee.**

**No. 5902.**

Court of Appeals of New Mexico.

Jan. 18, 1983.

Jeff Bingaman, Atty. Gen., Marcia E. White, Deputy Atty. Gen., Santa Fe, for plaintiff-appellant.

J. Thomas Sullivan, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

WALTERS, Chief Judge.

The State appeals an order of the trial court dismissing a criminal indictment with prejudice on the ground that the State was not ready to proceed on the date set for trial.

The State announced at the outset that if defendant would stipulate to the admissibility of videotapes, the case could be tried. The officer who had the videotapes, however, had not been subpoenaed in accordance with N.M.R.Crim.P. 48(a), N.M.S.A. 1978 (1982 Cum.Supp.), and was then on his honeymoon. Noting that a proper subpoena had not been served, defendant moved to dismiss. The trial court gave the State an opportunity to respond, and when the State offered nothing further, it granted defendant's motion and dismissed the indictment with prejudice.

The State then offered to go ahead with the trial and stated that if it could not find its witness, it would suffer a directed verdict. The court reminded the State that the motion to dismiss had been granted.

An hour-and-a-half later, the State asked to clarify the record. Defense counsel objected; the State answered that it was not trying to alter the court's prior decision but merely wanted to make a record. It was allowed to offer a tender of proof that the presence of the missing witness, a police officer who videotaped the storefront operation, was not necessary. Defendant argued that at the earlier hearing the State's representation was that the missing witness was necessary. The State then suggested that what it had asked for earlier was a continuance.

At the designation conference, defendant opposed including the offer of proof made at the second hearing as a part of the record on grounds that it was not timely offered, and that the tendered material was not of record at the time the court decided the motion to dismiss. The prosecutor agreed that the second hearing was not on a motion for reconsideration and that the tender of proof was made too late for the judge to change his mind. It felt the second hearing should be a part of the record, however, for the benefit of this court. The judge permitted both hearings to be included in the record for appeal.

The State argues that "[t]o dismiss a case with prejudice because of a request for a continuance is arbitrary, capricious and unreasonable." The basis for this argument is faulty; there was no request for continuance. It is the State's burden, as appellant, to bring to this court a record sufficient for review of the issues it raises on appeal. *State v. Duran*, 91 N.M. 756, 581 P.2d 19

(1978); *State v. Padilla,* 95 N.M. 86, 619 P.2d 190 (Ct.App.1980).

In the State's brief is the contention that "[a] motion for continuance was obviously made by the State prior to the start of the transcript." The portion of the transcript referred to shows the following statement by the prosecutor: "And, Judge, this morning, what I asked for was a continuance because I knew you had other cases on this docket. Mr. Novins [defense counsel] asked that the case be dismissed at that time." The transcript of the proceedings held earlier in the morning shows, however, that prior to Mr. Novin's argument the prosecutor said to the court, "When you have cases to try, it seems inappropriate to try this case." That representation can hardly be construed as a request or a motion for continuance.

The State also relies upon several cases holding that dismissal with prejudice is an inappropriate remedy for procedural irregularities. *State v. Peavler,* 87 N.M. 443, 535 P.2d 650 (Ct.App.) *rev'd on other grounds,* 88 N.M. 125, 537 P.2d 1387 (1975) (quashing of indictment because criminal complaint was dismissed by magistrate for failure of prosecutor to appear at preliminary hearing was inappropriate); *State v. Smallwood,* 94 N.M. 225, 608 P.2d 537 (Ct.App.1980) (dismissal with prejudice was inappropriate remedy for, among other things, condition of jail and violation of discovery orders); *State v. Mares,* 92 N.M. 687, 594 P.2d 347 (Ct.App.1979) (incorrectly deciding factual issues in advance of trial); *State v. Williams,* 91 N.M. 795, 581 P.2d 1290 (Ct.App. 1978) (alleged interference with discovery).

To the extent that the State argues that the court decided facts here, as in *Mares, supra,* that argument has no basis in the record. The trial court dismissed because the State represented that it could not proceed. It was only after the dismissal had been granted that the State said it would risk a directed verdict; and it was still later, at a point when the State took the position that the trial court could not change its mind, that it decided it would go ahead with trial. The State, as any other party, is subject to the rule that it must make its contentions known in the trial court. *State v. White,* 94 N.M. 687, 615 P.2d 1004 (Ct.App.1980). The argument that the court made a decision that the case could not be presented without the State's missing witness is not accurate, and will not be considered.

There are no New Mexico cases precisely on this question of dismissals with prejudice in criminal matters. *Beverly v. Conquistadores, Inc.,* 88 N.M. 119, 537 P.2d 1015 (Ct. App.1975), addressed a similar issue in the civil context. The State urges incorrectly that the civil analysis was rejected in *Smallwood, supra. Smallwood* merely noted that a dismissal with prejudice was not the correct remedy for a finding of pre-trial cruel and unusual punishment suffered by defendant; it did not say that in other proper circumstances dismissal of an indictment with or without prejudice would not be upheld.

We note that several federal cases have discussed Fed.R.Crim.P. 48(b), 18 U.S.C.A. (1976), which allows the court to dismiss for the government's delay in bringing a defendant to trial. The Advisory Committee's note to the rule characterizes it as a restatement of the inherent power of the court to dismiss for want of prosecution. In *United States v. Correia,* 531 F.2d 1095 (1st Cir. 1976), where the government was not ready because of a missing witness, the court said:

It is axiomatic that the district court has inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion. *Id.,* at 1098. *Beverly, supra,* recognizes a similar inherent power of the court in the orderly and expeditious disposition of its cases.

The federal cases follow the rule that such dismissals ordinarily should be entered without prejudice unless some constitutional ground has been asserted. *United States v. Clay,* 481 F.2d 133 (7th Cir.1973). Delay in bringing the defendant to trial, such as would constitute an absolute bar to prosecution, is not at issue here. *See State v. Johnston,* 98 N.M. 92, 645 P.2d 448 (Ct.App. 1982).

Professor Wright notes the power of the court to dismiss with prejudice when the

prosecution has shown it is not ready for trial. 3A C. Wright, Federal Practice and Procedure, Criminal 2d, § 814 (1982), but he admonishes that it is a power "to be utilized with caution, and only after a forewarning to the prosecution that dismissal with prejudice will result from a failure to proceed to trial." *Id.*, at 229; *United States v. Charnay*, 577 F.2d 81 (9th Cir.1978). In *Beverly, supra,* the trial court issued a strong warning to plaintiff of the consequences to be suffered before the order of dismissal was entered. There was no such warning given in the present case and the "with prejudice" language first appeared in the order of dismissal.

We hold that the trial court exercised its inherent power to dismiss, and that its rul-ing was not against logic or the effect of the State's representations at the time the motion to dismiss was granted. We hold further, however, that the dismissal with prejudice was entered without such advance notice as should have been given and, therefore, we remand for entry of an order dismissing the indictment without prejudice.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.