685 P.2d 381
**STATE of New Mexico,
Plaintiff-Appellant,**

**v.**

**Jerry R. GALLEGOS,
Defendant-Appellee.**

No. 7646.

Court of Appeals of New Mexico.

June 26, 1984.

Certiorari Denied Aug. 2, 1984.

Steven H. Schiff, Dist. Atty., Alfred M. Sanchez, Asst. Dist. Atty., Second Judicial Dist., Albuquerque, for plaintiff-appellant.

Kenneth G. Pompei, Tryon, Pompei & Baker, P.A., Albuquerque, for defendant-appellee.

## OPINION

WOOD, Judge.

The state appeals the trial court's dismissal with prejudice of one of two metropolitan court convictions for DWI (driving while under the influence of intoxicating liquor) which had been appealed to the district court. Our discussion is divided into: (1) factual and procedural background, and (2) jurisdictional contentions.

## BACKGROUND

A criminal complaint charged defendant with DWI (third offense) and additional traffic offenses. The date of the offenses was March 18, 1983. The metropolitan court cause number was CR 3975–83. This complaint was disposed of by plea bargain on May 20, 1983. The bargain was a plea of guilty to DWI (second offense); the additional traffic offenses were dismissed. Sentencing was postponed pending disposition of the second charge.

The second criminal complaint charged defendant with DWI (second offense) and "[f]ailure to maintain traffic lane." The date of the offenses was May 11, 1983. The metropolitan court cause number was CR 7234–83. Defendant was found guilty of the charged offenses, after nonjury trial, in September 1983.

Sentence was imposed in both cases on October 11, 1983.

Various notices of appeal were filed. The record before us shows that an appearance bond, for an appeal in both cases, was approved in the metropolitan court on October 11, 1983.

Notice of hearing for a "Metro Appeal Trial" was given by the district court clerk on December 13, 1983. Trial was scheduled for December 19, 1983. The state was a "no-show." The trial court telephoned the district attorney's office requesting that someone from that office come to the courtroom. An attorney appeared, but was not ready for trial. The trial court scheduled a hearing for December 22, 1983, for the purpose of hearing the prosecutor's explanation of why he was not prepared for trial on December 19, 1983, and why the

prosecutor failed to appear on December 19, 1983. We have no record of this December 22 hearing.

On December 30, 1983, defendant delivered to the district attorney's office a proposed form of order dismissing one of the DWI charges, together with notice that the order would be presented to the trial court on January 5, 1984. The prosecutor, also on December 30, 1983, moved for rehearing in both of the DWI cases.

A hearing was held on January 5, 1984. The tape of the hearing reveals that the prosecutor knew nothing about cause No. CR 3975–83, not having handled the matter in either the metropolitan court or the district court. Defendant presented the trial court with another "bargain" between defendant and the attorney who had in fact handled the case for the state. This bargain involved jail time. The result of this second bargain was that all jail time for a second offense DWI was suspended. The prosecutor having no objection to this second bargain, the trial court approved it. This disposed of the appeal in CR 3975–83, and this disposition is not an issue in this appeal.

At the hearing on January 5, 1984, there was a discussion between the trial court and counsel concerning the state's nonappearance for trial in CR 7234–83 on December 19, 1983. This discussion indicates that the state was not ready for trial on that date because of a mix-up, that the trial court had given the state "ample time" to explain its nonappearance, and the explanation had been insufficient. At the conclusion of the hearing an order was entered. It provided:

1. The STATE OF NEW MEXICO was not prepared to try the above matter [on December 19, 1983].

2. The Defendant was prepared to try the matter and the defense witnesses had been supoenaed [sic] and were prepared to testify.

3. That a hearing was held on December 22, 1983, to determine why the State was not prepared for trial.

4. That there was not sufficient justification demonstrated by the State for its inability to proceed to trial on December 19, 1983.

IT IS THEREFORE ORDERED that Criminal Cause No. CR 7234–83 is dismissed with prejudice.

The state appeals this order. It does *not* contest the accuracy of the findings in the order or the propriety of the dismissal with prejudice on the basis of those findings. *See State v. Lopez*, 99 N.M. 385, 658 P.2d 460 (Ct.App.1983). How, then, is the state an aggrieved party so as to be able to appeal? *See State v. Chavez*, 98 N.M. 682, 652 P.2d 232 (1982); *State v. Aguilar*, 95 N.M. 578, 624 P.2d 520 (1981); *State v. Santillanes*, 96 N.M. 482, 632 P.2d 359 (Ct.App.1980).

The state's position is that it makes no difference that the trial court could properly dismiss the case with prejudice. According to the state, the district court proceedings had no legal effect because the trial court lacked jurisdiction to take any action in the district court case.

*State v. Aguilar* provides "that the State does not have an absolute right to appeal in every situation in which it may feel 'aggrieved' * * * *" 95 N.M. at 579, 624 P.2d 520. The state does not contend that the trial court erred in its dismissal with prejudice because of the state's disregard of proceedings in the district court. The dismissal having occurred because of the state's conduct, why should the state be considered as "aggrieved"? At some point, shouldn't the state's conduct foreclose it from raising the jurisdictional issue? The question is not theoretical. If the trial court had jurisdiction, defendant's conviction in CR 7234–83 no longer exists. If the trial court lacked jurisdiction, the district court proceedings were without legal effect and the metropolitan court conviction remains in effect. Is it fair to allow the state to retain the metropolitan court conviction by ignoring the district court? We do not attempt to answer these questions in this appeal; rather, we proceed on the basis that jurisdictional questions may

be raised at any time. *See State v. Aranda*, 94 N.M. 784, 617 P.2d 173 (Ct.App. 1980).

The state's motion for rehearing, filed December 30, 1983, acknowledged that defendant "allegedly filed an appeal" and indicates that it might, in the future, attack the legal sufficiency of the paper that defendant filed. At the hearing on January 5, 1984, the state referred to jurisdictional matters, but invoked no ruling of the trial court as to these matters. Our discussion of the state's jurisdictional claims is on the basis that the claims are raised for the first time on appeal.

## JURISDICTIONAL CONTENTIONS

### 1. Whether there was a valid notice of appeal.

The jurisdictional argument is that there was no valid notice of appeal and, therefore, the trial court lacked power to take any action in the district court case. *See Heckathorn v. Heckathorn*, 77 N.M. 369, 423 P.2d 410 (1967).

Five notices of appeal appear of record. Two were filed in the district court; three were filed in the metropolitan court. NMSA 1978, Metro. Rule 71(c) (Cum.Supp. 1983) provides:

**Notice of appeal.** An appeal from the metropolitan court is taken by:

(1) filing with the clerk of the district court a notice of appeal; and

(2) filing with the metropolitan court a copy of the notice of appeal which has been endorsed by the clerk of the district court.

The state contends the three notices filed in metropolitan court were in violation of this rule and are to be disregarded. It is unnecessary to answer this contention because a notice of appeal was filed in the district court on October 21, 1983, and a copy, showing the district court filing, was delivered to metropolitan court. There is no issue as to the timeliness of this notice.

The state asserts this October 21, 1983, notice of appeal was defective on several grounds.

(a) The notice of appeal clearly gives notice of appeal of the judgment and sentence "entered in the above-captioned numbers." The numbers in the caption were CR 3975–83 and CR 7234–83. A line had been drawn through these metropolitan court numbers and the handwriting "MC–866" substituted. The state asserts that this is the district court file number. To the extent the state may be contending that a number change by the district court clerk made defendant's notice of appeal invalid, the contention is frivolous.

■ (b) The state, artfully ambiguous, states "there is not a certificate of service to show that the State received a copy of this notice on appeal, in violation of Rule 4 of the Metropolitan Court Rules." The wording suggests an effort to mislead this court. NMSA 1978, Metro. Rule 4(d) (Repl. Pamp.1981) states: "Except as otherwise provided in these rules ... proof of service shall be made by the certificate of an attorney of record ...." An attorney's certificate of service was not required in this case because a rule provided otherwise. NMSA 1978, Metro. Rule 71(e) (Cum.Supp.1983) states: "Upon the filing of the notice of appeal, the metropolitan court shall give notice of the appeal to each party in the action or to the attorney for any party who is represented by an attorney." The state does not contend that it did not have notice of the appeal or that the metropolitan court failed to give the notice as provided in Metro.Rule 71(e). The state's contention is only that defendant's attorney did not provide a certificate of service. Inasmuch as the attorney was not required to do so, this contention raises no issue as to the validity of the notice of appeal.

■ (c) The state claims that the district court file, No. MC–866, contained pleadings which related only to the appeal in CR 3975–83 "and did not contain any documents relating to the May DWI case [CR 7234–83]." This statement is factually inaccurate. We have previously referred to the notice of appeal bearing both metropolitan court numbers. A presentence report, a bench warrant and a "disposition" refers

to both metropolitan court numbers. Even, however, if the state's contention were true, the state does not attempt to demonstrate how the contents of file No. MC–866 invalidated defendant's notice of appeal and, thus, this contention is considered as abandoned. *See Novak v. Dow*, 82 N.M. 30, 474 P.2d 712 (Ct.App.1970), and cases cited therein.

■ (d) The state contends, "as a matter of law, a single notice of appeal cannot apply to two separate proceedings. *State v. Good*, [9 Ariz.App. 388], 452 P.2d 715 [1969]." The Arizona court's statement was: "Where separate judgments are rendered in separate proceedings, one notice of appeal does not suffice to bring up all the judgments for review." *Good*, 452 P.2d 719. Contrary to defendant's contention, the record does not show a consolidation of the two metropolitan court cases. Thus we do not consider *Palmer v. Town of Farmington*, 25 N.M. 145, 179 P. 227 (1919). The factual background for the quotation from *Good* was that indictments had been quashed in eighteen cases, and that the state's notice of appeal identified only one of the cases. The Arizona court stated "a notice of appeal was filed only in cause No. 7090. It makes no reference whatsoever to any other cases. It indicates only an intention to appeal from the order entered in that particular case." *Id.* 452 P.2d 719. That is not our situation. Defendant's notice of appeal identified two cases, and the internal wording of the notice states an appeal is taken in both cases. *State v. Good* is not applicable. Defendant's notice of appeal was valid for both of the cases identified in the notice. We add that if the state's contention were correct, on what basis should the notice of appeal be considered invalid as to CR 7234–83 rather than CR 3975–83? This question is not discussed.

The state's claim of an invalid notice of appeal is without merit.

## 2. Metropolitan court jurisdiction.

The state asserts: "Before the District Court could have acquired jurisdiction over the May DWI case [CR 7234–83], it must have been shown that the Metropolitan Court had jurisdiction over the case originally. *State v. McKee*, 86 N.M. 733, 527 P.2d 496 (Ct.App.1974)." This claim goes to subject matter jurisdiction. *Heckathorn v. Heckathorn.*

The state's argument is based on items in the district court record prior to the December 19, 1983, trial date. It asserts that there is nothing in the district court file prior to the December 19, 1983, trial date which shows that the metropolitan court had jurisdiction. We disagree.

■ Page nine of the district court file shows a disposition on October 11, 1983, of DWI charges in both metropolitan court cases. The metropolitan court numbers are given and the disposition is signed by the metropolitan court judge. In addition, a presentence report refers to both metropolitan charges by case number, refers to the bargained plea of guilty to the first DWI and the finding of guilt as to the second DWI. The notice of appeal refers to the judgment and sentence in both cases being appealed. A sufficient showing of metropolitan court jurisdiction appeared in the record prior to December 19, 1983. *Cf. State v. McKee.*

However, even if the record showing had been deficient, we would follow *Trujillo v. Cox*, 75 N.M. 257, 403 P.2d 696 (1965), and distinguish between the record showing of jurisdiction and the fact of jurisdiction. *Trujillo* states:

The record stipulated into evidence in this case fails to disclose that a preliminary hearing was held or that the juvenile court made or entered an order binding the petitioner over to the district court. We cannot agree with petitioner that a copy of the order of transfer must actually appear in the files of the district court to confer upon it jurisdiction over the minor. It is not the fact that the district court is in possession of the copy of the order that gives it jurisdiction, but rather the fact that the proper order had been made. To hold that failure to fur-

nish the district court with the order of transfer is fatal to that court's jurisdiction would be to surrender the substance to the shadow.

*Id.* at 259, 403 P.2d 696 (citation omitted).

■ In this case, the state, by motion which this court granted, supplemented the record by including the complaint and "Final Order on Criminal Complaint" in metropolitan court cause No. CR 7234–83. Any defect in the record showing of subject matter jurisdiction was cured by the state supplementing the record to affirmatively establish the metropolitan court's jurisdiction.

### 3. Incomplete transcript.

The state asserts the trial court erred by proceeding to trial and dismissing metropolitan cause No. CR 7234–83 because the transcript of the metropolitan court proceedings was not before the district court. This jurisdictional argument goes to the power of the district court to try the case if there was no transcript from the metropolitan court. *Heckathorn.*

■ We have held that the metropolitan court record before the district court on the trial date of December 19, 1983, was sufficient to show metropolitan court jurisdiction. This, however, does not answer the state's argument. NMSA 1978, Metro. Rule 71(f) (Cum.Supp.1983) provides:

**Transcript.** The transcript shall include: (1) title page containing caption of the case in the metropolitan court and names and mailing addresses of counsel and of the defendant if he is not represented by counsel; (2) all pleadings including any record of proceedings made by the metropolitan court; (3) any exhibits; (4) the judgment sought to be reviewed with date of filing noted thereon; and (5) the record of the hearing in the metropolitan court, if any.

The items before the district court did not include all pleadings or the metropolitan court's judgment (the final order on the criminal complaint which is to be distinguished from the "disposition" signed by the metropolitan court judge). There was a violation of Metro.Rule 71(f), but it was no more than a technical violation. The record before the district court showed a charge, trial and conviction of DWI (second offense), and a disposition which included a ten-day jail term with "work release."

■ The state next argues that it was defendant's responsibility to see that a proper transcript was before the district court. We do not understand how this argument is relevant to a contention that the trial court lacked power to try the case because of an incomplete transcript, as defined in Metro.Rule 71(f). Concerning the defendant's responsibility, *Lea County State Bank v. McCaskey Register Co.*, 39 N.M. 454, 464, 49 P.2d 577 (1935) states:

[W]here a party desiring to appeal has performed all of the acts required of him by the statute creating the right to transfer jurisdiction of the cause to the superior court, the appeal has been perfected. Some of the decisions declaring that the filing of the transcript of the proceedings in the lower court is essential to vest jurisdiction in the appellate court are based upon statutes so declaring or upon statutes which make it the duty of *appellant* to lodge the transcript in the superior court and his failing to do so is a jurisdictional defect. On the other hand, where the party desiring to appeal has been allowed an appeal and is thus in a position to rely upon the justice of the peace performing a statutory duty or his obedience to the orders of the district court to send up the transcript and the papers the appeal is deemed perfected. It will be observed that when appellant has done all that the law requires of him he has put the *cause* beyond the justice's control.

(Emphasis in original.) Metro.Rule 71(e) places the responsibility upon the metropolitan court to transmit to the district court the transcript defined in Metro.Rule 71(f). We do not further consider the state's argument as to defendant's responsibility.

■ The state's jurisdictional argument is based on the following statement from

**532**

*Lea County State Bank:* "Until the transcript is filed, the district court cannot proceed to a trial on the merits, but it has jurisdiction of the cause to compel the production of the transcript so that it may proceed." We do not understand the preceding quoted statement to mean that a technical violation of Metro. Rule 71(f) prevents the trial court from proceeding if sufficient information to proceed is before the court. Where, as here, the trial court had sufficient information to proceed with the trial, a technical transcript deficiency does not deprive the trial court of power to proceed with the trial. *See* NMSA 1978, Metro.R. 15 and 16 (Repl.Pamp.1981).

There being no jurisdictional error, the state is not an aggrieved party and its appeal is dismissed.

**IT IS SO ORDERED.**

DONNELLY, C.J., and ALARID, J., concur.